IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARC S. CASON, SR., #180571 : | |
| Plaintiff : | |
| : | |
| v. : | CIVIL ACTION NO. CCB-05-2179 |
| : | |
| PRISON HEALTH SERVICES : | |
| C. ROSENBERG : | |
| ISAIAS TESSEMA : | |
| Defendants | |

**MEMORANDUM**

Marc S. Cason, Sr. currently is confined at the Western Correctional Institution. On August 10, 2005, he filed this *pro se* 42 U.S.C. § 1983 civil rights action, accusing prison health personnel of wrongdoing in his brother's death.[1] Plaintiff seeks compensatory and punitive damages. His motion to proceed *in forma pauperis* will be granted, pursuant to 28 U.S.C. §1915(a).

To state a civil rights claim, a prisoner must allege that he, himself, sustained a deprivation of a constitutional or federal right, privilege, or immunity. *See Inmates v. Owens*, 561 F.2d 560 (4th Cir. 1977). To demonstrate such standing, the plaintiff must allege personal injury fairly traceable to the defendants' allegedly unlawful conduct and show that the requested relief is likely to adequately redress such injury. *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Beauchamp v. Sullivan*, 32 F.3d 789, 790 (7th Cir. 1994). Because plaintiff's complaint is devoid of any indication that he was personally subjected to improper medical treatment at the hands of the named defendants, this claim shall be dismissed.

Furthermore, there is no showing that plaintiff is authorized as a representative of his brother's estate to pursue a tort claim or to properly demand information concerning his brother's

---

[1] Plaintiff states his belief that a prison nurse, Cindy Rosenburg, performed a liver biopsy on his brother, who subsequently died on August 22, 2003, at Sacred Heart Hospital in Allegany County, Maryland. He further complains that "[n]obody will release any information to me about my brother....one of several inmates that died in the same manner from the same procedure." Paper No. 1 at 4, ¶ III.

medical care within the prison or at the hospital.[2] Thus, this court will dismiss the complaint without prejudice by way of a separate Order.


    September 8, 2005                                                   /s/
          Date                                                   Catherine C. Blake
                                                                  United States District Judge

---

[2] To the extent that plaintiff is alleging medical malpractice at the hands of the named defendants, his claim shall be dismissed without prejudice. A medical malpractice claim can proceed only after the parties complete state review of such a claim before the Maryland Health Claims Arbitration Board. *See generally* Md. Code Ann., Cts & Jud. Proc., §3-2A-01 *et seq.*